```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

VANESSA JOSEPH,                     )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil No. 2015-5
                                    )
VIRGIN ISLANDS DEPARTMENT OF        )
HEALTH, DUANE HOWELL                )
                                    )
          Defendants.               )
```

APPEARANCES:

**Karin A. Bentz**
Law Office of Karin Bentz, P.C.
St. Thomas, U.S.V.I.
    *For plaintiff,*

**Ariel Marie Smith-Francois**
Office of the Attorney General
St. Thomas, U.S.V.I.
    *For Virgin Islands Department of Health and Duane Howell*

## ORDER[1]

**GÓMEZ, J.**

Before the Court is the motion of the Virgin Islands Department of Health and Duane Howell to dismiss each count of Vanessa Joseph's Complaint for failure to state a claim.

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes

---

[1] The Court will issue a memorandum opinion outlining its reasons at a later date.

the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant

Joseph v. Virgin Islands Department of Health, et al
Civ. No. 2015-5
Order
Page 3

has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement of relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[2]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

---

[2] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

The premises considered it is hereby

**ORDERED** that, as to Counts One, Two, Three, Five, and Eight, the motion to dismiss is **DENIED**; it is further

**ORDERED** that, as to Count Four, the motion to dismiss is **GRANTED**; it is further

**ORDERED** that Count Four is **DISMISSED**; it is further

**ORDERED** that, as to Count Six, the motion to dismiss is **GRANTED**; it is further

**ORDERED** that Count Six is **DISMISSED**; it is further

**ORDERED** that, as to Count Seven, the motion to dismiss is **GRANTED** insofar as it asserts a claim for wrongful discharge under 24 V.I.C. § 76; it is further

**ORDERED** that Count Seven, insofar as it asserts a claim for wrongful discharge under 24 V.I.C. § 76, is **DISMISSED**; it is further

**ORDERED** that, as to Count Seven, the motion to dismiss is **DENIED** insofar as it asserts a claim under 10 V.I.C. § 64(14); it is further

**ORDERED** that, as to Count Nine, the motion to dismiss is **GRANTED**; it is further

**ORDERED** that Count Nine is **DISMISSED**; it is further

**ORDERED** that, as to Count Ten, the motion to dismiss is **GRANTED**; it is further

**ORDERED** that Count Ten is **DISMISSED**; and it is further

**ORDERED** that, to the extent Vanessa Joseph wishes to do so, she may amend Counts Four, Six, Seven, Nine, and Ten of the Complaint by no later than 3:00 P.M. on Wednesday, October 21, 2016.

```
                              S_____
                                 Curtis V. Gómez
                                 District Judge
```